# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Joseph Odish, Cranbrook Capital
Consulting Group, LLC,

                Plaintiffs,

v.

Apple, Inc., Timothy Cook,
Northrop Grumman Corp., Wesley
Bush, Nuance Communications,
Inc. Cognitive Code Corp., Leslie
Spring, Mimi Chen, John Chen,
Salvatore Difazio, Robert Rosen,
International Business Machines
Corp, Joel Bock, Patrick Miller,
Oracle Corp., U.S. Dentons,

                Defendants.

_____/

Case No. 15-cv-11955
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

# MEMORANDUM AND ORDER
# DENYING PLAINTIFFS' MOTION [45]

Before the Court is plaintiffs' Rule 60(b) motion (Dkt. 45) for relief

from the order entered on October 28, 2015 dismissing the Cognitive

Code defendants[1] and imposing limitations on plaintiffs' proposed second amended complaint.  (Dkt. 35.)

Plaintiffs Joseph Odish and Cranbrook Capital Consulting Group, LLC, initiated this lawsuit on June 1, 2015, and filed their first amended complaint on August 24, 2015, naming seventeen individual and corporate defendants, and bringing claims involving violations of securities, anti-trust, and civil rights laws, fraud, and conversion, as well as retaliation against a federal whistleblower, and a claim of patent manipulation.  (Dkt. 5.)  Summons for each of the defendants were issued on June 4, 2015 (Dkt. 4), although no notice of service appears on the docket.  On August 26, 2015, counsel for the Cognitive Code defendants nonetheless filed an appearance in this matter and moved to dismiss.  (Dkt. 10, 11.)  On August 31, 2015, plaintiffs filed a request to strike their first amended complaint from the record on the grounds that it contained "errata" and privileged information.  (Dk. 12.)  On September 2, 2015, plaintiffs moved for leave to file a second amended complaint.  (Dkt. 16.)

---

[1] Cognitive Code Corporation, Salvatore Difazio, Leslie Spring, Mimi Chen, and John Chen.

The Court granted the Cognitive Code defendants' motion on the grounds that the cognizable claims and issues raised by plaintiffs were entirely precluded by the final judgment of the United States District Court for the Central District of California. (Dkt. 35 at 34-40; *Odish v. Cognitive Code Corp.*, No. CV 12-9069, 2015 U.S. Dist. LEXIS 68630 (C.D. Cal. May 27, 2015).)   In the same order, the Court granted plaintiffs' motion for leave to file a second amended complaint, but with restrictions regarding precluded content and length.  (*Id.* at 51.)

For the reasons provided below, plaintiffs' motion for relief from judgment is DENIED.

## I.   Background

As described in the October 28, 2015 order, plaintiffs Joseph Odish, an attorney licensed in Michigan, and his wholly owned company, Cranbrook Capital Consulting Group, LLC, are no strangers to the Eastern District of Michigan.  (Dkt. 35 at 2-5.)  In the interests of brevity, the Court will rely on the facts set forth in its earlier opinion and order.  (*Id.* at 4-14.)

## II.    Plaintiffs' Motion

Plaintiffs seek reconsideration of the dismissal of the Cognitive Code defendants and lifting of the twenty-page limit imposed on their leave to file a second amended complaint.    Plaintiffs argue in their motion that Odish is a "federal whistleblower" and victim of a sustained set of fraudulent acts and retaliation at the hands of defendants.    (Dkt. 45 at 2-3.)    Odish opposes this Court's characterization of him as a vexatious litigant on the grounds that even though he has brought at least nine lawsuits in less than three years against an overlapping set of defendants, only two complaints have been served in this District. (*Id.* at 3; *see* Dkt. 35 at 3 n.1.)    With regard to his request for leave to amend, plaintiff asserts that the scope and complexity of his claims cannot be fairly represented in only twenty pages.    (*Id.* at 4, 12-14.)    He recounts a factual and procedural history with the Cognitive Code defendants (*id.* at 5-6), and adds that he discovered material evidence in support of his claims after the conclusion of the California lawsuit.    (*Id.* at 7.)    Plaintiffs argue that under Rule 60(b)(1) they are entitled to relief from a mistake they made that resulted in their filing of a so-called "errata" first amended complaint.    (*Id.* at 12.)    They also assert

4

that defendants' fraudulent acts will go unpunished if this Court does not allow this lawsuit to proceed. (*Id.* at 14-15.)  Finally, they argue that there are alleged patent frauds that justify relief. (*Id.* at 16-18.)

Defendants oppose plaintiffs' motion by arguing that plaintiffs have raised none of the grounds on which Rule 60(b) relief can be granted. (Dkt. 55 at 2.)  They assert that the preclusive effect of the California lawsuit bars all of plaintiffs' claims against them, meaning that plaintiffs' lack standing to sue them in this Court. (*Id.* at 55.) They further note that Rule 60(b)(1) does not provide relief for "carelessness or inexcusable neglect," such as the "errata" first amended complaint. (*Id.* at 3-4.)  They also argue that plaintiffs have not shown either that they had a meritorious claim, or that defendants' unfair conduct prevented them from prosecuting that claim. (*Id.* at 4-6.) Finally, they note that plaintiff Odish has provided no evidence to support his claimed status as a whistleblower. (*Id.* at 6-7.)

## III.   Legal Standards

Fed. R. Civ. P. 60(b) grants a district court the discretion to determine whether relief from a judgment or order is warranted, provided that one of the following rationales is present:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).

The Sixth Circuit has authorized relief under subsection (1) of Rule 60(b) "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Neither an attorney's strategic miscalculation nor his mistake of the law is a proper basis for such relief. *Id.* (citing *McCurry*

6

*v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592-94 (6th Cir. 2002); *FHC Equities L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685 (6th Cir. 1999)).   "[T]he case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]." *McCurry*, 298 F.3d at 595 (quoting *Helm v. Resolution Trust Corp.*, 161 F.R.D. 347, 348 (N.D. Ill. 1995), *aff'd*, 84 F.3d 874 (7th Cir. 1996)).

"To prevail on a motion under Rule 60(b)(2), a 'movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Hurst v. Fed. Nat. Mortgage Ass'n*, No. 15-1586, 2016 WL 700351, at *7 (6th Cir. Feb. 23, 2016) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).   And a motion for relief under this provision of Rule 60(b) is not a proper procedure "to raise arguments which could, and should, have been made before judgment issued."   *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

7

Under Rule 60(b)(3), the moving party must "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008). Fraud is defined for purposes of Rule 60(b)(3) analysis as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* at 456. The movant's showing must be "by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct." *Crehore v. U.S.*, 253 Fed. App'x 547, 549 (6th Cir. 2007) (citing *Jordan v. Paccar, Inc.*, No. 95–3478, 1996 WL 528950, at *9 (6th Cir. Sept.17, 1996) (per curiam)). Conclusory allegations of fraud do not suffice. *McManus v. St. Joseph Hosp. Corp.*, 79 Fed. App'x 170, 172 (6th Cir. 2003).

"[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir.

2009) (quoting *Blue Diamond Coal Co.*, 249 F.3d at 529). "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co.*, 487 F.3d at 468 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The meaning of "something more" is admittedly ephemeral, since the first five clauses typically cover the grounds for relief. *Id.* (citing *Pruzinsky v. Gianetti* (*In re Walter*), 282 F.3d 434, 440 (6th Cir. 2002), *cert. denied*, 537 U.S. 885, 123 S.Ct. 118, 154 L.Ed.2d 144 (2002)). Nonetheless, relief under Rule 60(b)(6) requires "exceptional circumstances" not otherwise described by clauses one through five. *In re Walter*, 282 F.3d at 440. Intervening changes in the law do not generally qualify for Rule 60(b)(6) relief, and the principle supporting finality in judgment is especially applicable in evaluation of a motion under Rule 60(b)(6). *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (citing *Ford Motor Co.*, 487 F.3d at 468). "Relief is limited to 'unusual and extreme situations where principles of equity mandate relief.'" *Id.* (quoting *Ford Motor Co.*, 487 F.3d at 468).

9

## IV.   Analysis

Plaintiffs have shown no basis for relief under Rule 60(b) from the judgment dismissing the claims against the Cognitive Code defendants or from the order granting plaintiffs leave, with restrictions, to file a second amended complaint.

### A. Mistake or Excusable Neglect

Plaintiffs' argument that they made a simple error and filed an "errata" version of their first amended complaint is simply not a sufficient basis to grant relief under Rule 60(b)(1).   First, plaintiffs' so-called "errata" version was by their own admission not filed in error at all, but rather, was filed "[i]n a move to outsmart [defendants' counsel Fredman] and render his motion [to dismiss] moot.   I revised and amended the complaint, asserting new claims.   The [first amended] complaint on file is still not the true complaint."   (Dkt. 7 at 2.) Plaintiffs' filing "error" is far from the kind of "mistake" anticipated by the opportunity for relief under Rule 60(b)(1).   Rule 11(b) bars an attorney from filing a pleading that is intended "to harass, cause unnecessary delay, or needlessly increase the cost of litigation."   The

Court cannot ignore a fundamental rule governing federal civil procedure and reward a litigant for such conduct.[2]

Even without plaintiffs' admission that they deliberately filed an amended complaint that "is still not the true complaint," it is well established that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). This is no less the case when the client has himself as an attorney. *C.f. Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991) ("The adage that 'a lawyer who represents himself has a fool for a client' is the product of years of experience by seasoned litigators."). As the Fifth Circuit aptly explained in a case cited with approval in *McCurry*, 298 F.3d at 595,

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent [sic] attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear. Far more disproportionate penalties have been suffered for far less egregious violations of our rules of procedure.

---

[2] Indeed, by separate order also issued today, the Court has granted defendants monetary sanctions under Rule 11 for, *inter alia*, this specific act by plaintiffs.

*Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288-89 (5th Cir. 1985) (citing cases). Rather, "the proper focus is upon whether the neglect of [the parties] *and their counsel* is excusable." *McCurry*, 298 F.3d at 595 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 397) (emphasis in original).

Here, there is no excusable neglect or mistake; there is only an attorney's admitted abuse of his right to file an amended complaint, or, at best, his blunder in filing an incorrect version. Plaintiffs do not mention in their motion this earlier admission and instead now claim that a mistake they made in editing their complaint resulted in the filing of the "errata" first amended complaint. (Dkt. 45 at 12 n.2.) Even if the Court puts aside the admission of bad faith, plaintiffs filed the first amended complaint on August 24, 2015, and then filed a "request for first amended complaint to be stricken from record as a result of errata and privileged information" a week later, on August 31, 2015, which was five days *after* defendants filed their motion to dismiss on August 26, 2015. Plaintiffs' request to strike did not provide any specific information or reason, other than that it contained "innocent Errata and Privileged and potentially prejudicial information." (Dkt. 2.) The Court is left with plaintiffs' motion for leave to file a second

amended complaint, in which they assert that hundreds of exhibits—presumably directed at the Cognitive Code defendants—will support their proposed second amended complaint. (Dkt. 16 at 6.) But such extensive revisions hardly comport with the kind of simple error that plaintiffs explain resulted in the "errata" version being filed.

Moreover, as the Court reasoned in its October 28, 2015 order, to grant plaintiffs leave to amend the complaint in a way that included any claims against the Cognitive Code defendants "would be to turn a blind eye to their well-documented [] pattern of ineffective lawsuits pressing increasingly well-worn claims, at least an essential subset of which have now reached final adjudication through the California Case." (Dkt. 35 at 48.) Issue and claim preclusion, as well as gross prejudice to defendants, prevented the Court from granting such leave then, and nothing about plaintiffs' claims of a filing error justify relief from that decision now. Indeed, to hold otherwise would be to countenance plaintiffs' admitted bad-faith conduct in filing their first amended complaint.

## B. Newly Discovered Evidence

Plaintiffs appear to argue that newly discovered evidence also presents grounds for relief from the Court's order. (Dkt. 45 at 7 (discussing "additional evidence (Exhibit 246 on July 27, 2015, previously submitted by reincorporated herein)" implicating defendant Northrop in the Cognitive Code business from its early start-up days).) However, plaintiffs fail to explain how such evidence would have achieved a different outcome in the Court's dismissal of the claims against Cognitive Code for lack of subject-matter jurisdiction. Moreover, July 27, 2015 is before plaintiffs filed their first amended complaint, their motion for leave to file a second amended complaint, and their response to defendants' motion to dismiss; therefore, this reason is not a proper basis on which to seek relief under Rule 60(b)(2). *See Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374.

## C. Fraud, Misrepresentation, or Other Conduct of the Adverse Party

Plaintiffs assert at great length in nearly all of their filings— including the motion currently before the Court—that the Cognitive Code defendants have engaged in extensive fraud in their business

14

dealings with plaintiffs, their contracts with the United States government, and their litigation before the district court for the Central District of California. (*See*, *e.g.*, Dkt. 1, Dkt. 5, Dkt. 16, Dkt. 18, Dkt. 21, Dkt. 22, Dkt. 29, Dkt. 39, Dkt. 40, Dkt. 41, Dkt. 45, Dkt. 48, Dkt. 58.) However, the issue before this Court on plaintiffs' motion for relief from judgment is confined to whether fraud or misconduct was involved in representations by defendants regarding *this* lawsuit and the Court's order dismissing the Cognitive Code defendants. Plaintiffs have not pointed to any specific evidence directly affecting the litigation of this case, and to the extent that plaintiffs suggest such misconduct by the Cognitive Code defendants, the Court finds such assertions to be lacking a factual basis and implausible. There is no evidence to support the relief sought here under Rule 60(b)(3), let alone enough to meet the required clear-and-convincing standard. *See Jordan*, 1996 WL 528950 at *9. And considering plaintiffs' admitted false filing of their first amended complaint, if there has been any bad faith in the litigation of this matter, it has been at the hands of plaintiffs, not defendants. As for the allegations of fraud on the California court, this Court is not in any conceivable way an appropriate forum to vindicate such issues.

### D. Other Circumstances Necessitating Relief

Plaintiffs argue that relief under Rule 60(b)(6) is necessitated by Odish's alleged status as a federal whistleblower who has purportedly faced retaliation and other injuries at the hands of defendants. These allegations may very well constitute the "something more" suggested by the Sixth Circuit, but this Court's familiarity with plaintiffs' many lawsuits against defendants and sober reflection on plaintiffs' conduct in this case strongly counsel against any relief on this basis.

Plaintiffs first sought to redress the alleged fraud against the United States and retaliation against Odish through a *qui tam* action filed on February 17, 2014 in this District. (*Odish et al. v. Northrop Grumman Corp. et al.*, No. 14-cv-10736, E.D. Mich.) However, the United States declined to intervene in that matter, and the Honorable Mark A. Goldsmith subsequently ordered the matter unsealed. (Case No. 14-cv-10736, Dkt. 26.) That lawsuit was terminated after plaintiffs filed a notice of voluntary dismissal on December 3, 2014, in the face a

show-cause order issued that same day for failure to prosecute. (*Id.* at Dkt. 32.)[3]

Given Odish's pursuit of the alleged wrongdoings by defendants through the appropriate channel of a whistleblower lawsuit, the Court is satisfied that the United States government has been adequately notified of the issues involved. By declining to intervene in the prior *qui tam* case, the government has signaled that it has evaluated the issue, and there is no proper basis under Rule 60(b)(6) for this Court to grant relief in order to avoid a substantial injustice.

## V.   CONCLUSION

Plaintiffs have failed to present any basis on which relief can be granted under Rule 60(b); therefore, their motion is **DENIED**.

Plaintiff is hereby granted thirty days to renew his motion for leave to file a second amended complaint. The proposed amended complaint must be attached to plaintiff's motion, and it must only state factual allegations and claims that are not precluded by the California

---

[3] A second intended *qui tam* lawsuit brought by plaintiff Odish against the same defendants was dismissed by the Court for plaintiff's failure to file the lawsuit in accordance with the statutory mandates. (Case No. 15-cv-13395, Dkt. 5.)

district court's judgment or the orders of this Court.  Should plaintiffs determine that the twenty-page allowance does not suffice for their amended complaint, even within the narrowed contours dictated by this Court's order of October 28, 2015, they may state in their memorandum of law the reasons why the page limit is insufficient.  The attached proposed amended complaint must nonetheless comply with the following requirements:

1. There can be no factual allegations in the amended pleadings that contradict this ruling or the order of October 28, 2015, contradict the final adjudication of the California Case, or rely on answers to questions that contradict the California court's rulings or this ruling.

2. Plaintiffs may allege no claims against the Cognitive Code defendants, as they are dismissed from this case.

3. Plaintiffs may not exceed twenty pages in filing their second amended complaint, and these twenty pages must otherwise entirely comport with L.R. 5.1 governing the filing of papers in this Court.

(Dkt. 35 at 51.)  Failure to abide by any of the above conditions will constitute a violation of the Court's express order.

     IT IS SO ORDERED.

Dated: March 11, 2016          s/Judith E. Levy
      Ann Arbor, Michigan      JUDITH E. LEVY
                              United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2016.


s/Felicia M. Moses
FELICIA M. MOSES
Case Manager