UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Odish, Cranbrook Capital Consulting Group, LLC,

    Plaintiffs,

v.

Apple, Inc., Timothy Cook, Northrop Grumman Corp., Wesley Bush, Nuance Communications, Inc. Cognitive Code Corp., Leslie Spring, Mimi Chen, John Chen, Salvatore Difazio, Robert Rosen, International Business Machines Corp, Joel Bock, Patrick Miller, Oracle Corp., U.S. Dentons,

    Defendants.
_____/

Case No. 15-cv-11955
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS [44]

Before the Court is an unopposed motion by the Cognitive Code defendants[1] to impose monetary sanctions on plaintiffs under Fed. R. Civ. P. 11. (Dkt. 44.) Defendants were granted leave to file such a

---

[1] Cognitive Code Corp., Salvatore Difazio, Leslie Spring, Mimi Chen, and John Chen.

motion by the Court's order of October 28, 2015. (Dkt. 35.)[2] For the reasons stated below, defendants' motion is partially granted.

Defendants recount plaintiffs' repetitive filings against them in this Court, and the particularly egregious nature of this lawsuit, which has been prosecuted despite the obvious preclusion of the claims against defendants through a final judgment on the same and related matters by the United States District Court for the Central District of California. (Dkt. 44 at 12; *See generally* Dkt. 35.) Defendants also assert that a string of feckless lawsuits brought against them by plaintiffs in this District have featured "false accusations, insults and implied threats of criminal prosecution" that are not grounded in fact. (Dkt. 44 at 14-15.) Defendants argue that plaintiffs had their fair and full opportunity to discover any relevant evidence and prosecute the core claims against them in the California litigation, in which defendants prevailed at summary judgment. (*Id.* at 16.) Defendants support their motion for monetary sanctions with a memorandum of

---

[2] In a separate order based on a show-case order and responses by plaintiffs and defendants, the Court found plaintiffs to be "vexatious litigants" and imposed Rule 11 sanctions designed to deter that conduct. (Dkt. 34, Dkt. 40, Dkt. 41, Dkt. 42, Dkt. 47.)

law and materials documenting their fees and costs in opposing this lawsuit.

Plaintiffs did not file an opposition to defendants' motion, but the Court will construe plaintiffs' opposition to its show-cause order regarding much of the same behavior (Dkt. 40, 41), as a relevant response to this motion. When ordered to justify their having brought this lawsuit predicated on matters precluded by final judgment of another court, plaintiffs:

> devote[d] their responses to recounting the misdeeds of others (*see generally*, Dkt. 40, 41), accusing the United States District Court of the Central District of California of having had its proceedings "corrupted by the stench of bribery and graft" (Dkt. 40 at [3]), *and* blaming their missteps on their 'inexperience' as litigants.

(Order Imposing Sanctions, Dkt. 47 at 2.) These assertions were set forth despite Odish having been a licensed lawyer for twenty years. (*Id.*) Plaintiffs failed to provide an explanation or set forth good cause for filing a lawsuit based on precluded claims and issues, and they have not demonstrated an inclination to curb their pattern of filing duplicative, futile lawsuits against the Cognitive Code defendants.

(*See generally* Dkt. 40, 41.) Significantly, plaintiffs have not argued that this lawsuit is not precluded by the California case.

Defendants filed a supplemental brief in support of their motion discussing a recent decision from the California Court of Appeals, Fourth District, applying Fed. R. Civ. P. 11 to uphold sanctions against a litigant who filed successive lawsuits raising claims that were clearly barred by issue and claim preclusion. (Dkt. 60.)

## I. Discussion

Fed. R. Civ. P. 11(c) empowers courts to impose sanctions on a party who has violated Rule 11(b) by litigating in a disingenuous way. Rule 11(b) bars a litigant from making submissions to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Sanctions may also be imposed if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010)

(quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)). The rule "stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed." *Id.* (quoting *Herron*, 613 F.3d at 626; Fed. R. Civ. P. 11 advisory committee's note to the 1983 amendment). This duty is an ongoing obligation, and the evaluation of counsel's conduct in meeting this ongoing duty of inquiry "is measured by an objective standard of reasonableness under the circumstances." *Id.*

In addition to the Court's statutory authority to impose sanctions when a litigant's conduct does not meet this reasonableness standard, the Court separately holds inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (holding that Rule 11 did not displace the Court's inherent power to impose sanctions for bad-faith conduct) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). This power is a "narrow exception" to the American Rule, which holds that recuperation of ones fees in the successful defense of a lawsuit is generally not allowed in the United States, absent a statutory provision

5

or enforceable contract granting them. *Id.* at 46-37; *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984) (en banc), *cert. den'd*, 469 U.S. 1215 (1985) (discussing the "American Rule" announced in *Arcambel v. Wiseman*, 3 U.S. 306 (1796) & citing cases). "Attorney fees may not be awarded based solely on pre-litigation conduct giving rise to the underlying claim. However, pre-litigation misconduct 'in bringing an action or in causing an action to be brought' and misconduct 'during the course of the litigation' may rise to the level of sanctionable bad faith." *Griffin Industries, Inc. v. U.S. E.P.A.*, 640 F.3d 682, 685 (6th Cir. 2011) (quoting *Shimman*, 744 F.2d at 1230-31). That said, a party "who harms another in bad faith is nonetheless entitled to defend a lawsuit in good faith. 'A party is not to be penalized for maintaining an aggressive litigation posture . . . .'" *Shimman*, 744 F.2d at 1232 (quoting *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 180–81 (D.C. Cir. 1980)).

Because the award of attorney fees in the case of bad faith is a punitive, rather than a deterrent sanction, there must be findings "(1) that the position advanced or maintained by a party was meritless, (2) that the meritlessness was known to the party, and (3) that the position

6

was advanced or maintained for an improper purpose, such as harassment." *Griffin Indus., Inc.*, 640 F.3d at 685-86 (citing *BDT Products, Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 752 (6th Cir. 2010); *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). This finding requires more than the knowing pursuit of a meritless claim. *Id.* at 686. "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *Id.* (quoting *BDT Products*, 602 F.3d at 754).

Here, plaintiffs admit that they have frivolously filed inaccurate complaints, which is conduct not only objectively unreasonable under Rule 11, but also qualifies for the bad-faith exception to the American Rule. In a filing purportedly providing reasons why defendant's counsel Howard Fredman should not be allowed to appear before this Court, plaintiffs admit that their first amended complaint was filed "[i]n a move to outsmart [Fredman] and render his motion [to dismiss] moot." (Dkt. 7 at 2.) Plaintiff Odish adds, "I revised and amended the

7

complaint, asserting new claims. The complaint on file is still not the true complaint. The true complaint will be filed and served next week, along with injunctive relief and eventually [sic]." (*Id.*) This admission depicts conduct that departs from zealous advocacy and instead falls squarely within Rule 11's facial prohibitions against filing a pleading with the Court for the improper purposes of harassment and needlessly increasing the costs of litigation. Indeed, this conduct meets the far stricter standard for bad faith that separately authorizes the Court to award attorney's fees through the exception to the American Rule. This conduct alone suffices to grant defendants their fees and costs associated with addressing the first amended complaint, as well as plaintiffs' two filings directed at barring Fredman from representing his clients in this case. (*See* Dkt. 6, 7.)

But, the sanctionable conduct goes on. As discussed in the October 28, 2015 order dismissing all claims against the Cognitive Code defendants, plaintiffs filed their first amended complaint one month *after* the California district court issued its order denying plaintiffs' Rule 60 motion in that matter. (Dkt. 35 at 29-30.) The issues and claims decided by the California court were the same as, or closely

related to, the issues and claims raised by plaintiffs here; therefore, the Court found that subject-matter jurisdiction was lacking with regard to the case against the Cognitive Code defendants. (Dkt. 35 at 25-40.)

Plaintiffs have not provided any argument that the Court erred in its analysis of the preclusive effect of the California court's decision, and neither have they explained why they have persisted in asserting in this lawsuit allegations that the California court rendered invalid. *See, e.g.*, *Smith v. S.E.C.*, 129 F.3d 356, 363 n.7 (6th Cir. 1997); *Erebia v. Chrysler Plastics Products Corp.*, 891 F.2d 1212, 1216 n.1 (6th Cir. 1989) (a judgment retains its preclusive effect even when an appeal is pending). After the California court's July 20, 2015 decision denying plaintiffs' motion for relief from judgment, it was plainly clear to plaintiffs that, as a matter of law, their assertions in this lawsuit could no longer rely on any issues and claims inconsistent with the California court's rulings. (*See* discussion, Dkt. 35 at 25-40.)

Here, where the attorney is also the client and the matter was of direct knowledge to him, plaintiffs' counsel violated his duty to the Court and his adverse parties to withdraw claims when he discovered they were meritless as a matter of law. Yet, he failed to do so when he

9

amended his complaint on August 24, 2015, and he also persisted in bringing these meritless issues and claims in his motion for leave to amend. (Dkt. 5, Dkt. 16.)  In short, there is no reasonable basis, after the California court's denial for plaintiffs' Rule 60 motion on July 20, 2015, for plaintiffs to have persisted with their claims against the Cognitive Code defendants.

Defendants also challenge the legitimacy of plaintiffs' "*Ex Parte* Emergency Motion for Injunction Barring California Attorney Howard Fredman from Appearing in this Matter for Being Unfit per Michigan Rules of Conduct" filed on August 24, 2015 (Dkt. 6), and the "Response to Motion" filed by plaintiffs the next day on the same topic (Dkt. 7). Defendants opposed these filings by responsive memorandum that was filed on September 1, 2015, the same day plaintiffs withdrew the motion. (Dkt. 14, 15.)  Given that plaintiffs withdrew their motion only after defendants were forced to expend resources to oppose it, and also considering the incendiary language and admissions of Rule 11 violations within plaintiffs' two filings related to defendants' counsel, *see* discussion p. 7-8, *supra*, sanctions are warranted on this aspect of the litigation.

Plaintiffs' prosecution of this lawsuit, particularly after the California court upheld its decision, is not objectively reasonable; rather, it is an impermissible attempt to press legal claims and issues already dismissed by another court of competent jurisdiction, and it has been conducted in admitted violation of Rule 11. Defendants are eligible to recover their fees and costs related to their motion to dismiss, the briefing of the motion targeting Fredman, as well as other documented resources expended to defend this lawsuit after July 20, 2015.

## II. Evaluation of Defendants' Documentation of Fees

Defendants document fees and costs of $52,760.00, and ask for an award of $38,446.50. (Dkt. 44 at 20.) This amount reflects 134.9 hours of work. (*Id.*) Defendants document their lodestar, that is, "the product of the number of hours billed and a reasonable hourly rate," and then adjust that downward to reflect the mean billing rate for attorneys in the Eastern District of Michigan—$285.00 per hour for an attorney of Fredman's experience. (*Id.* at 19-20 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).)

The Court finds defendants' calculation of the $285 hourly rate to be a reasonable rate in this District.  However, in light of the evaluation of defendants' claims and plaintiffs' conduct, a portion of defendants' documented hours must be excluded.  First, hours expended on this case prior to the July 20, 2015 ruling by the California court are excluded, other than those hours applied to the motion to dismiss, because up until that time, plaintiffs still had a pending claim related to those contested issues and claims.  Second, some of defendants' hours are described as work related to Odish's *qui tam* case filed separately in this Court on September 28, 2015, and dismissed on October 29, 2015. (Case No. 15-cv-13395.)  Defendants were not served, and they did not file an appearance in that matter.  As a result, there is no basis to grant defendants fees and costs related to that separate case.

In light of these rulings, the following hours are not to be included in defendants' award of sanctions:

| Docket and Page | Hours to be Removed |
| --- | --- |
| Dkt. 44-3 at 1 | 1.5 on 6/4/2015<br>1.0 on 6/5/2015 |
| *Id.* at 2 | 1.0 on 6/17/2015<br>1.0 on 6/18/2015 |

|                     |                                   |
|---------------------|-----------------------------------|
|                     | 0.7 on 6/19/2015                  |
| *Id.* at 3          | 0.5 on 6/22/2015                  |
| *Id.* at 4          | 0.8 on 7/2/2015                   |
|                     | 0.5 on 7/6/2015                   |
|                     | 1.0 on 7/8/2015                   |
| *Id.* at 5          | 0.5 on 7/13/2015                  |
| *Id.* at 10         | 4.0 on 10/6/2015                  |
| *Id.* at 11         | 0.6 on 10/14/2015                 |
|                     | 0.4 on 10/26/2015                 |
| **Total Hours Reduced** | **13.6 hours at $285 = $3,876.00** |

The total reasonable amount of fees and costs owed to defendants is their proposed lodestar calculation of $38,446.50, less $3,876.00 for hours not attributable to plaintiffs' Rule 11 violations in this particular case, which equals $34,570.50.

### III. Plaintiffs' Ability to Pay

The Court is aware of its responsibility to "make some inquiry concerning an attorney's ability to pay a monetary sanction . . . even when the offended party's actual expenditures appear reasonable." *Jackson v. Law Firm of O"Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989). The burden to prove inability to pay lies

with the individual sanctioned. *Garner v. Cuyahoga Cty Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009); *Kratage v. Charter Twp. Of Commerce*, 926 F. Supp. 102, 105 (E.D. Mich. 1996) (citing *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993); *In re Kunstler*, 914 F.2d 505, 524 (4th Cir. 1990)).

Here, plaintiffs did not file an opposition to this motion for sanctions, even for the sole purpose of asserting their inability to pay a potential sanction. Therefore, in consideration of the Court's duty, plaintiffs are granted until no later than March 21, 2016 to submit competent evidence probative of their capacity to pay the reasonable attorney fees and expenses of $34,570.50 resulting from plaintiffs' Rule 11 violations.

## IV. Conclusion

For the reasons stated above, plaintiffs are granted until no later than March 21, 2016 to make a showing supported by competent evidence that they are not able to pay the full sanction. Absent such a showing, plaintiffs will be ordered to compensate defendants' reasonable attorney fees and expenses of $34,570.50 resulting from the Rule 11 violations set forth above.

IT IS SO ORDERED.

Dated: March 11, 2016         s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2016.

                                           s/Felicia M. Moses
                                           FELICIA M. MOSES
                                           Case Manager